Evaristus ANYANWU and Patricia
Anyanwu, Petitioners,
v.
IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

Civ. A. No. 86–3327.

United States District Court,
D. New Jersey.

Oct. 16, 1986.

Carlo E. Almeda, Jersey City, N.J., for petitioners.

Ruth V. Simon, Sp. Asst. U.S. Atty., Newark, N.J., for respondent.

## OPINION

STERN, District Judge.

Petitioners ask this Court to overturn the Immigration and Naturalization Service (INS) Deputy District Director's denial of their request to stay deportation pending the outcome of their motion to reopen proceedings, currently before an Immigration judge. Petitioners claim that their lives will be threatened if they are deported to Nigeria. We will grant petitioner's request.

## FACTS

Evaristus Anyanwu is a journalist from Nigeria who, along with his wife, was legally admitted to the United States in January 1981. Petitioner was scheduled to attend Bloomfield College in Bloomfield, New Jersey, as a student of mass communications. In May 1985, petitioner was found to be in violation of the terms of his admission since he had been employed without permission from the INS. In September 1985, petitioners were adjudged to be deportable by an Immigration judge. Petitioners were given the privilege of voluntary departure on or before February 3, 1986, with an alternative order of deportation to Nigeria should they fail to depart as directed.

On January 21, 1986, petitioners requested, and were granted, an extension of their

voluntary departure date until April 24, 1986. On April 15, petitioner submitted another request for an extension, in order to complete final exams. There is no indication whether this extension was granted.

On August 12, 1986, petitioners applied for asylum, claiming that they could not return to Nigeria for political reasons. According to INS records, petitioners were given "a verbal denial of their request for an extension based on facts that this Service believes that [their] request for political asylum to be frivolous and they do not have any immigration benefits immediately available." Letter from Deputy District Director of INS, September 8, 1986, p. 2.

On August 26, 1986, petitioners requested a stay of deportation, claiming both persecution in Nigeria and a diagnosis of R/O Iron deficiency in their young son. Rejecting the persecution claim, and finding that petitioners had failed to show either how travel would jeopardize their sons' health, or that treatment was unavailable in Nigeria, the deputy director denied petitioners' application for a stay of deportation.

Petitioners' deportation date was September 29, 1986. On that date, this Court granted a temporary restraining order, enjoining the respondent from deporting the petitioners. Petitioner Evaristus Anyanwu claims that while in Nigeria, he had been closely affiliated with the State Government of Imo, which, on December 31, 1983, was overthrown in a military coup d'etat. The immediate effect of the coup to petitioner was the cutting off of scholarship money—thus explaining petitioner's need to find employment.[1] Petitioner further claims that in April 1986, he wrote to relatives in Imo to send him air tickets to return home. The letters he received, attached to his motion as exhibits, strongly urge him to stay in the United States.[2]

As mentioned above, petitioners applied for asylum on August 12, 1986. Petitioners also applied for a stay of deportation pending determination of their asylum application. Notwithstanding the fact that the asylum application was still pending, the deputy district director denied their application for a stay. The present motion is for a preliminary injunction staying deportation pending the outcome of the petitioners' asylum application.

## DISCUSSION

The administrative regulation dealing with stays of deportation, 8 C.F.R. § 243.4 (1985), provides that the district director, in his discretion, may grant a stay of deportation for such time and under such circumstances as he may deem appropriate. The INS provides for direct and exclusive review by the court of appeals of "all final orders of deportation." 8 U.S.C. § 1105a. A denial of a stay of deportation is not a final order of deportation and thus is not directly appealable to the court of appeals. "A habeas corpus proceeding is the proper method for raising the denial of discretionary relief, such as the denial of a stay." *Lopez-Alegria v. Ilchert*, 632 F.Supp. 932, 935 (N.D.Cal.1986); *Bazrafshan v. Pomeroy*, 587 F.Supp. 498, 501 (D.N.J.1984). Once an alien is deported, his asylum appeal is considered withdrawn. *Lopez-Alegria v. Ilchert*, 632 F.Supp. at 953.

The proper standard of review of a denial of a request for a stay of deportation is whether the district director's decision was an abuse of discretion. *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 88

---

1. Petitioner's motion papers state that being "aware of the restrictions of the immigration law, he applied for an obtained a temporary work permit." Motion for Temporary Restraining Order, p. 2. However, the copy of a temporary work permit which they attach as evidence is dated "7/9/85–D/S." Annex A.

2. Letter "B," from El Marco Insurance Co.: "Many revealed to me in confidence about (    ) things that should keep you away at the moment because life has no duplicate;" Letter "C," from Ets. O.U. Ejits Trading Stores: Itemizing the killing and imprisonment of other journalists; Letter "D," from Imo Broadcasting Service: "If you are a journalist, forget it, you will be dealt with."

S.Ct. 1970, 20 L.Ed.2d 1037 (1968). We hold that there was an abuse of discretion.

As courts in this Circuit have noted on numerous occasions, where the lives of human beings are at stake, the discretion of the district director must be correspondingly narrowed. In *Bazrafshan v. Pomeroy*, 587 F.Supp. 498 (D.N.J.1984), this Court was presented with facts similar to those presently before the Court. An Iranian citizen had been denied a request to stay deportation pending the outcome of a motion to reopen deportation proceedings. Petitioner claimed he had "new" evidence to substantiate his asylum application. In his denial, the district director voiced "serious doubts regarding the genuineness of [petitioner's] fear of persecution or dying at the hands of the Khomeni Regime." *Id.* at 501.

This Court granted the preliminary injunction. We noted that were a man's life not at stake, we could not have found an abuse of discretion by the district director. However, this Court wrote:

> And yet it is a man's life that may be the price of our decision today. Where consequence is at its apex, discretion must be correspondingly narrowed. Petitioner claims that he has information to present to the BIA in support of his pending motion to reopen that has not been previously disclosed ... By denying petitioner's request for a stay of deportation, the District Director deprived petitioner of the opportunity to have the BIA even consider his motion to reopen. We hold that this was an abuse of discretion.

*Id.* at 501.

The *Bazrafshan* decision has been cited with approval in both this and other circuits. *See In the Matter of Ali Reza Ghalansiah*, slip op., Civil Action No. 86–767, March 13, 1986 (J. Sarokin) [Available on WESTLAW, DCTU database] (finding that failure to give serious and weighty consideration of petitioner's claims of extreme hardship and likely persecution constituted abuse of discretion). *See also Lopez-Alegrai v. Ilchert*, 632 F.Supp. 932 (N.D. Cal.1986) (court stays deportation pending resolution of motion to reopen, quoting *Bazrafshan* for the proposition that while the court "could not condone petitioner's methods of staving off deportation ... we cannot let the rigors of administrative procedure reshape our ideas about life and death." *Id.* at 937).

Petitioner's application for a stay of deportation was heard on August 26, 1986, and in a written review of the proceedings, the deputy district director noted that petitioners were "given a verbal denial of their request for an extension based on the facts that this Service believes that your clients' request for Political Asylum to be frivolous and they do not have any immigration benefits coming to them." Letter from Deputy District Director, Sept. 8, 1986, p. 2. It is the opinion of this Court that this summary conclusion by the deputy district director hardly suggests that petitioner's claims were given serious considerations; it certainly is not evidence, as the INS claims, that the claims were carefully reviewed.

The INS has submitted a copy of the *Country Reports on Human Rights Practices for 1985* for Nigeria, and provides the following quote from the report:

> The new Government [of Nigeria] moved quickly to demonstrate its commitment to human rights. It repealed a controversial decree that inhibited press freedoms, named a panel to review the remaining decrees of the previous government, formed a committee to review the cases of all current and former detainees, as well as those previously sentenced by military tribunal.... Since the coup, the Government has just released approximately 150 persons detained without charges and released or remanded to the criminal court system common criminals detained by the NSO.

The INS neglects to quote other passages from the same report which confirm several of petitioners' assertions, namely that "there are reports of crowded and austere prison conditions and mistreatment and brutality ... The arbitrary arrest and prolonged detention of persons, including for-

eigners, continued in 1985." *Report*, p. 229.

The method by which petitioners raised their asylum claim should not be applauded; they waited until the last minute to file their asylum request, and moved for a temporary restraining order on the scheduled day of deportation. However, as noted in *Bazrafshan*, "we cannot let the rigors of administrative procedure reshape our ideas about life and death." *Bazrafshan*, at 501.

In light of the consequence of error, this Court will grant the preliminary injunction, enjoining the INS from deporting the petitioners until their motion to reopen deportation proceedings has been decided.